UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICK MINOR, DELSIE HARRIS, and

                                                                 **PLAINTIFFS**

ANTONYA COAKLEY

v.                                             CIVIL ACTION NO. 3:15cv936-DPJ-FKB

JACKSON MUNICIPAL AIRPORT AUTHORITY,            **DEFENDANTS**
("JMAA"); DIRK VANDERLEEST, individually
and in his official capacity as former CEO of
JMAA; RENE WOODWARD, individually and in
her official capacity as the CAO of JMAA; and
BONNIE WILSON, individually and in her official
capacity as COO of JMAA

ORDER

      This employment-discrimination case is before the Court on two motions:  the Partial

Motion to Dismiss [35] filed by Defendant Jackson Municipal Airport Authority ("JMAA"), and

the Motion to Dismiss [38] filed by Defendants Dirk Vanderleest, René Woodward, and Bonnie

Wilson (collectively, "the Individual Defendants").  For the reasons that follow, the motions are

granted.

I.       Facts and Procedural History

      Plaintiffs Patrick Minor, Delsie Harris, and Antonya Coakley are all African-American

employees of JMAA.  In December 2012, JMAA advertised a new Aviation Operations Manager

position.  "[B]ecause the salary advertised was near what they were already making in their

current positions," none of the Plaintiffs applied for the job.  2d Revised 2d Am. Compl. [33] ¶ 8.

Plaintiffs allege that no qualified individuals applied initially and that, in December 2013, JMAA

"deviated from the normal posting practices, and did not repost the Aviations Operations

Manager position on its website."  *Id.* ¶ 10.  Instead, without advertising the position, JMAA

hired Kelly Elliot, a white male, to fill the position.  "Plaintiffs later . . . learned that Elliot was

paid between $90,000 and $100,000 in this position."  *Id.*  Apparently, had they known of the

opening and that the salary would exceed $90,000, Plaintiffs would have applied for the position,

for which they contend they were more qualified than Elliot.  *Id.*  Plaintiffs filed EEOC charges

related to JMAA's hiring of Elliot.  While the initial EEOC charges were pending, Plaintiff

Harris applied for and was denied another position at JMAA.

Believing they had been discriminated against in their employment because of their race

and that Harris suffered retaliation for filing an EEOC charge,  Plaintiffs filed this lawsuit

against JMAA; Vanderleest, its former Chief Executive Officer; Woodward, its former Chief

Accounting Officer; and Wilson, its former Chief Operating Officer.[1]  In their Second Revised

Second Amended Complaint, Plaintiffs purport to assert racial discrimination and retaliation

claims against Defendants under Title VII and 42 U.S.C. §§ 1981 and 1983.  JMAA now moves

to dismiss all but the Title VII claims asserted against it in the operative pleading [35], and the

Individual Defendants seek dismissal of all claims against them [38].

II.    Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as

true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v.*

*Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188

F.3d 322, 324 (5th Cir. 1999) (per curiam)).  But "the tenet that a court must accept as true all of

---

[1]Since filing the lawsuit, Plaintiff Coakley applied for another open position at JMAA, but when she learned that Elliot was on the interview committee, she felt "forced to decline the interview, rather than being treated unfairly."  *Id.* ¶ 14.  She now includes this allegation as the basis of her Title VII retaliation claim.

the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "Factual allegations

must be enough to raise a right to relief above the speculative level, on the assumption that all

the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555 (citations and

footnote omitted).

III.    Analysis

    A.    JMAA's Motion

        1.    42 U.S.C. §§ 1981 and 1983

JMAA asserts, and Plaintiffs do not dispute, that it is a governmental entity created by

the City of Jackson, Mississippi, pursuant to the Mississippi Airport Authorities Law, Miss.

Code Ann. §§ 61-3-1 *et seq.  See Ricks v. City of Winona*, 858 F. Supp. 2d 682, 686 (N.D. Miss.

2012).  As such, JMAA argues that Plaintiffs may not assert a cause of action against it under

§ 1981; instead, "plaintiffs must assert a cause of action against state actors under § 1983 to

remedy violations of civil rights under § 1981."  *Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458,

463 (5th Cir. 2001); *see also id.* at 464 (holding that plaintiff "could not maintain an independent

cause of action under § 1981 against" government entity).  Plaintiffs cite no binding authority to

the contrary, and the Court agrees that their claims against JMAA for violations of civil rights

under § 1981 must proceed under § 1983.

Political subdivisions of municipalities are subject to § 1983 liability "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Municipal liability cannot be sustained under a theory of *respondeat superior*. [Rather,] the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (internal citations and quotation marks omitted).

Thus, a claim of municipal liability requires proof of (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). At the Rule 12(b)(6) stage, a plaintiff alleging municipal liability "must plead specific facts with sufficient particularity to meet all the elements of recovery." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). JMAA argues that Plaintiffs' Second Revised Second Amended Complaint [33] fails to allege either a specific official policy or that the injury Plaintiffs allegedly suffered was inflicted by this policy.

Turning to the operative pleading, it contains the conclusory allegation that "JMAA has a practice and policy that deprived Plaintiffs of their constitutional rights . . . ." 2d Revised 2d Am. Compl. [33] ¶ 15. This allegation is devoid of any factual underpinning and falls short of identifying a particular policy or custom or "indicat[ing] the manner in which a municipal policy or custom motivated or otherwise resulted in" the discrimination or retaliation Plaintiffs

allegedly suffered.[2] *Taylor v. City of Jackson, Miss.*, No. 3:07cv76-WHB-LRA, 2007 WL 3407681, at *2 (S.D. Miss. Nov. 15, 2007).

In response to JMAA's motion, Plaintiffs point to *Brown v. Bryan County*, in which the court noted that "a single decision by a policy maker may, under certain circumstances, constitute a policy for which [a municipality] may be liable." 219 F.3d 450, 462 (5th Cir. 2000). "This 'single incident exception' is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker." *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (citing *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008) (citing *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005))). Importantly, the actor must "be responsible for establishing final government policy respecting such activity before the municipality can be held liable." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *see also Culbertson v. Lykos*, 790 F.3d 608, 625 (5th Cir. 2015) (holding that plaintiffs had "not alleged sufficient facts to show [the individual in question] is a final policymaker as to the policy at issue").

Here, Plaintiffs have not pleaded sufficient factual content to make a plausible single-incident-liability claim. To begin, they never state in their complaint which of the three Individual Defendants was the relevant final policymaker. At most, they generically plead that all three "were key persons and decision makers involved in the writing of the job description, advertising and hiring process," 2d Revised 2d Am. Compl. [33] ¶ 8, while also averring that

---

[2]Plaintiffs' only reference to a policy in the current complaint is the claim that Defendants deviated from the past practice of reposting a vacancy when no qualified applicant is found. 2d Revised 2d Am. Compl. [33] ¶ 9. Deviating from a policy does not show that the policy was the moving force behind the action. *See McKinley v. Yarber*, No. 3:15cv50-DPJ-FKB, 2015 WL 6554772, at *2 (S.D. Miss. Oct. 29, 2015) (holding that plaintiff failed to plead an official policy when alleging that officers violated city policy).

JMAA runs the airport "[t]hrough its Board of Commissioners," *id.* ¶ 2. JMAA's motion to dismiss is granted as to the §§ 1981 and 1983 claims. The race claim will, however, proceed under Title VII.

### 2. Punitive Damages under Title VII

JMAA argues that Plaintiffs' claim for punitive damages against it under Title VII should be dismissed because punitive damages are not available against a government entity. *See Oden*, 246 F.3d at 465–66 (citing 42 U.S.C. § 1981a(b)). Plaintiffs do not address this argument, which appears correct. The Title VII punitive-damages request against JMAA is likewise dismissed.

### B. Individual Defendants' Motion[3]

### 1. Title VII

Plaintiffs concede that the Individual Defendants may not be held liable under Title VII. Pls.' Mem. [48] at 4. The Individual Defendants' motion is therefore granted as to the Title VII claims.

### 2. 42 U.S.C. § 1981

The Fifth Circuit in *Oden* held that a government official cannot be personally liable under § 1981 for discrimination in the terms and conditions of a government employment contract. *Oden*, 246 F.3d at 464; *see King v. Lawrence Cty. Bd. of Educ.*, No. 2:12cv86-KS-MTP, 2013 WL 319286, at *3 (S.D. Miss. Jan. 28, 2013). Plaintiffs point to an exception adopted by the Fifth Circuit whereby "§ 1981 liability will lie against an individual defendant if that individual is essentially the same as the [government] for the purposes of the complained-of

---

[3]While the Individual Defendants' motion addresses the claims against them in both their official and individual capacities, the rulings as to the claims against JMAA apply equally to the official-capacity claims. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

conduct." *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 337 (5th Cir. 2003) (citation and internal quotation marks omitted).  Assuming that exception might apply, the Second Revised Second Amended Complaint contains conclusory statements regarding the Individual Defendants and otherwise fails to plausibly state a claim that they were essentially the same as JMAA for purposes of the employment decisions at issue.  The § 1981 claims against the Individual Defendants are due to be dismissed.

3.  42 U.S.C. § 1983 and Qualified Immunity

Plaintiffs allege that the Individual Defendants "intentionally or with gross negligence failed to allow Plaintiffs to make and enforce contracts on the same basis as white persons" and "have deprived Plaintiffs of their constitutional rights to due process and equal protection under the law while acting under color of state law."  2d Revised 2d Am. Compl. [33] ¶ 19.  They seek to hold the Individual Defendants liable for these violations under § 1983.  The Individual Defendants assert the defense of qualified immunity.

Qualified immunity is a shield from individual liability for "government officials performing discretionary functions . . . as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated."  *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). "[Q]ualified immunity generally protects 'all but the plainly incompetent or those who knowingly violate the law.'"  *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Courts use a two-step analysis to determine whether qualified immunity applies.  "[A] court addressing a claim of qualified immunity must determine first whether the plaintiff has adduced facts sufficient to establish a constitutional or statutory violation."  *Collier v.*

*Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  Second, if a violation has been alleged, the Court must determine "whether [the officer's] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question."  *Id.* (alteration in original) (quoting *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007)).

At the Rule 12(b)(6) stage, "to hold that the defendant violated the law at step one of the qualified-immunity analysis . . . is simply to say that the plaintiff has stated a claim upon which relief may be granted."  *Morgan v. Swanson*, 659 F.3d 359, 384 (5th Cir. 2011); *accord Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015) ("[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." (internal quotation marks and citation omitted)).  And "[w]hen a defendant raises qualified immunity, the burden is on the plaintiff to 'demonstrate the inapplicability of the defense.'"  *Coleman v. Marion Cty.*, No. 2:14cv185-DPJ-FKB, 2015 WL 5098524, at *6 (S.D. Miss. Aug. 31, 2015) (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)).

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  As for the remaining "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  Here, the Second Revised Second Amended Complaint contains few specific factual

allegations against any of the Individual Defendants.  Instead Plaintiffs make the following

general allegations:

> • "Upon information and belief, Individual Defendants . . . were key persons and decision makers involved in the writing of the job description, advertising and hiring process" for the Aviation Operations Manager position.  2d Revised 2d Am. Compl. [33] ¶ 8.

> • "Individual Defendants acted deliberately to deprive Plaintiffs of their constitutional rights."  *Id.* ¶ 15.

These allegations have no underlying factual support and are like those rejected in *Iqbal*.

556 U.S. at 680–81 (averments that "petitioners 'knew of, condoned, and willfully and

maliciously agreed to subject [Iqbal]' to harsh conditions of confinement 'as a matter of policy,

solely on account of his religion, race, and/or national origin and for no legitimate penological

interest'" and that petitioner Ashcroft "was 'instrumental' in adopting and executing it" were

"conclusory and not entitled to be assumed true").

The only averment that comes close to stating facts is the contention that "in December

of 2013, JMAA [and] Individual Defendants . . . deviated from the normal posting practices, and

did not repost the Aviation[] Operations Manager position on its website."  2d Revised 2d Am.

Compl. [33] ¶ 10.  But even here, the assertion is pled generically as to the individuals.  And

even assuming that it should be taken as true as to each Individual Defendant, without more it

fails to state a plausible claim.

Finally, even assuming a constitutional violation, Plaintiffs have not offered sufficient

factual averments to plausibly find that the "actions were objectively unreasonable in light of

clearly established law at the time of the conduct in question."  *Collier*, 569 F.3d at 217 (citation

omitted).  "A right is clearly established only if its contours are sufficiently clear that a

reasonable official would understand that what he is doing violates that right.  In other words,

existing precedent must have placed the statutory or constitutional question beyond debate."

*Carroll v. Carman*, 135 S. Ct. 348, 350 (2014) (citation and quotation marks omitted).

Here, Plaintiffs have at most alleged that the Individual Defendants posted a job, none of

the Plaintiffs expressed interest, and the job was then given to an applicant of a different race

without re-posting.  These facts fail to state factual content sufficient to plausibly overcome the

second qualified-immunity prong, even assuming a constitutional violation.  The Individual

Defendants are entitled to qualified immunity on the § 1983 claim.

C.     Requests for Leave to Amend and for Discovery

In response to JMAA's motion, Plaintiffs ask, "[I]f the Court finds the pleadings lacking

in specificity" it grant "leave of the court to amend the[] complaint."  Pls.' Mem. [47] at 7.  They

make no such request as to the claims against the Individual Defendants, but they do request, as

to both pending motions, that the Court defer ruling to permit further factual development

through discovery.  *See* Pls.' Mem. [48] at 13; *see also* Pls.' Mem. [47] at 7.  Neither request is

well-founded.[4]

Starting with the request for leave to amend or for discovery as to JMAA, under Federal

Rule of Civil Procedure 15(a)(2), leave to amend should be given "freely . . . when justice so

requires."  Fed. R. Civ. P. 15(a)(2).  But "[i]t is within the district court's discretion to deny a

---

[4]Nor is either request set forth in a separately filed motion, as required by Local Rule
7(b)(3)(C).  *See also Hunter v. Berkshire Hathaway, Inc.*, No. 15-10854, 2016 WL 3710253, at
*3 n.6 (5th Cir. July 11, 2016) (explaining that request to amend in response to motion to dismiss
"is not enough to put the matter before the district court").

motion to amend if it is futile." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000).

In this case, Plaintiffs cannot cure the defects in their § 1981 claim against JMAA or the punitive-damages claim under Title VII.  Neither claim is legally cognizable.  As for the § 1983 claim against JMAA, Plaintiffs have already amended their complaint five times, three of which were filed after Defendants filed their first motions to dismiss [9, 11] explaining the very deficiencies that still exist.  *See* Def.'s Mem. [10]; Defs.' Mem. [12].  In other words, Plaintiffs were put on notice of the perceived deficiencies in their previous pleading but failed to add sufficient factual content to withstand the latest round of Rule 12(b)(6) motions.  And they have not stated in response what they would add to make the claims plausible.

On this record, the Court is "satisfied that the defects in the complaint [can]not be cured . . . and . . . that granting [Plaintiffs'] motion to amend would . . . be[] futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 379 (5th Cir. 2014).  Plaintiffs had "sufficient prior opportunity to plead [their] best case and amend [their] complaint." *Rogers v. City of Yoakum*, No. 16-40003, 2016 WL 4536520, at *4 (5th Cir. Aug. 30, 2016) (affirming dismissal with prejudice where district court disallowed third amended complaint) (citing *United States ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 403–04 (5th Cir. 2004) (finding no abuse of discretion when court denied leave to file third amended complaint because plaintiff had prior opportunities to amend and had not shown how he would correct deficiencies)); *see also Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003) (finding no abuse of discretion when plaintiff "did not proffer a proposed second amended complaint to the district court, and did not suggest in their responsive pleading any additional facts not initially plead that

could, if necessary, cure the pleading defects raised by the defendants"); *Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (affirming denial of third motion seeking leave to amend where plaintiff had twice amended complaint, once after court noted deficiencies). Finally, a request for discovery is generally not an appropriate response to a Rule 12(b)(6) motion. *See Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) (rejecting plea for discovery and holding that "when deciding, under Rule 12(b)(6), whether to dismiss . . . the court considers, of course, only the allegations in the complaint").

As for the request for discovery regarding the Individual Defendants' qualified-immunity defense, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Consequently, the Fifth Circuit "has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Id.* Significantly, the ruling may be deferred only if "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). The operative pleading here asserts no such facts, so there is no basis for deferring ruling on the qualified-immunity defense. *Backe*, 691 F.3d at 646–49 (holding that district court abused its discretion by deferring ruling on qualified immunity until after discovery where plaintiff failed to sufficiently plead facts).

IV.    Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, JMAA's Partial Motion to Dismiss [35]

and the Individual Defendants' Motion to Dismiss [38] are granted.  The claims against

Defendants Vanderleest, Woodward, and Wilson are dismissed.  The case will proceed as to the

Title VII claims against JMAA.

**SO ORDERED AND ADJUDGED** this the 13th day of September, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE